UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Westchester Fire Insurance Company,

                Plaintiff,

–v–

DeNovo Constructors, Inc. et al.,

                Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 05 2016

15-CV-7940 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Westchester Fire Insurance Company ("Westchester") brings this indemnity action against DeNovo Constructors, Inc., DeNovo Properties Holdings, LLC (together, "DeNovo"), D Transport, Inc., and Jonathon K. Markoff (collectively, "Defendants"). Dkt. No. 1. On January 15, 2016, Westchester filed a motion for a preliminary injunction seeking to require Defendants "to deposit collateral . . . totaling $2,271,478.62 relative to Westchester's remaining exposure to liability under [] surety bonds." Br. at 1. Westchester subsequently clarified that, due to additional claims initiated since the filing of its motion, it sought the deposit of $3,263,269.99 in collateral. Reply Br. at 1, 2 n.2. Because Westchester fails to demonstrate irreparable harm, its motion for preliminary injunction is DENIED.

    **I.**     **BACKGROUND**

    In 2014, Westchester issued surety bonds on behalf of DeNovo. Comp. ¶ 8. Westchester claims that these bonds require Defendants to indemnify it and pay collateral security with respect to claims asserted against it as surety. Id. ¶¶ 9-12. Westchester filed suit on October 7, 2015 alleging nonperformance of these obligations, Dkt. No. 1, and filed a motion for a preliminary injunction on January 15, 2016. Dkt. No. 29. In the motion for a preliminary

1

injunction, Westchester seeks the deposit of collateral related to $1,273,269.00 in unpaid payment bond claims and an estimated $1,990,000 in unpaid performance bond claims. Reply Br. at 1, 14-15. At the initial pretrial conference in this matter, the parties confirmed that a preliminary injunction hearing was not required and indicated that the Court could resolve the motion on the papers. Dkt. No. 54.

## II. LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC*, 555 U.S. 7, 22, 24 (2008). To receive a preliminary injunction, a plaintiff must demonstrate:

> 1) irreparable harm absent injunctive relief; 2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and 3) that the public's interest weighs in favor of granting an injunction.

*Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010) (internal citations and quotation marks omitted). "The burden is even higher on a party . . . seek[ing] 'a mandatory preliminary injunction that alters the status quo by commanding some positive act, as opposed to a prohibitory injunction seeking only to maintain the status quo.'" *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (quoting *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)). In such a case, the Court should issue a preliminary injunction "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.* (citing *Citigroup Glob. Mkts., Inc.*, 598 F.3d at 35 n.4).

As a general rule, "irreparable harm exists only where there is a threatened imminent loss that will be very difficult to quantify at trial." *Ins. Co. of the State of Pa. v. Lakeshore Toltest*

2

*JV, LLC* ("*Lakeshore Toltest*"), No. 15-CV-1436 (ALC), 2015 WL 8488579, at *2 (S.D.N.Y. Nov. 30, 2015) (quoting *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 38 (2d Cir. 1995)). "Therefore, where monetary damages may provide adequate compensation, a preliminary injunction [generally] should not issue." *Jayaraj v. Scappini,* 66 F.3d 36, 39 (2d Cir. 1995). In such a case, injunctive relief for the deposit of the sum of money is only appropriate if the "non-movant's assets may be dissipated before final relief can be granted, or where the non-movant threatens to remove its assets from the court's jurisdiction." *Firemen's Ins. Co. of Newark, N.J. v. Keating*, 753 F. Supp. 1146, 1153 (S.D.N.Y. 1990). Courts in this district have applied this standard to the enforcement of a collateral deposit provision. *See id.*; *see also Lakeshore Toltest*, 2015 WL 8488579, at *2.

### III. DISCUSSION

Westchester makes two arguments with respect to irreparable harm. First, it argues that failure to deposit bargained-for collateral constitutes, by itself, irreparable harm. Second, it argues that Defendants' recent transfer of assets establishes irreparable harm. The Court considers each of these arguments in turn.

#### A. Failure to Deposit Bargained-For Collateral

Westchester argues that Defendants' failure to deposit collateral constitutes irreparable injury because Westchester risks "becoming a general unsecured creditor." Br. at 19 (quoting *U.S. Fid. & Guar. Co. v. J. United Elec. Contracting Corp.*, 62 F. Supp. 2d 915, 923 (E.D.N.Y. 1999)). This argument has been rejected by other courts in this district, *see Lakeshore Toltest*, 2015 WL 8488579, at *2-*3; *Keating*, 753 F. Supp. at 1154, and the cases that Westchester cites in support of its position are either distinguishable or contradicted by Second Circuit precedent.

3

Contrary to Westchester's argument, the first two cases it cites do not stand for the proposition that breach of a collateral security provision necessarily implicates irreparable harm. *See* Br. at 19 (first citing *Am. Motorists Ins. Co. v. United Furnace Co.*, 876 F.2d 293, 302 (2d. Cir. 1989); then citing *U.S. Fid. & Guar. Co. v. J. United Elec. Contracting Corp.*, 62 F. Supp. 2d 915, 923 (E.D.N.Y. 1999)). Although the Second Circuit has noted that it is a "real and immediate" injury to "bargain[] for collateral security" but "fail[] to receive it," it did so in holding that an injury was ripe for adjudication, not that it was irreparable. *Am. Mororists Ins. Co.*, 876 F.2d at 302. Similarly, one district court in this circuit has held that "breach of the collateral security clause" established irreparable injury justifying a preliminary injunction, but that case presented a risk of dissipation of assets. *U.S. Fid. & Guar. Co.*, 62 F. Supp. 2d at 923 (noting defendant's secret transfers of property). Thus, neither case stands for the proposition that failing to provide contractually required collateral, by itself, constitutes an irreparable injury.

In discussing another line of cases to support its argument, Westchester conflates the specific performance inquiry about an adequate remedy at law with the preliminary injunction inquiry into irreparable injury. *See* Reply Br. at 4 (quoting *Nat'l Sur. Corp. v. Titan Constr. Corp*, 26 N.Y.S.2d 227, 231 (N.Y. Sup. Ct. 1940); *id.* at 5 (first quoting *Ohio Cas. Ins. Co. v. Fratarcangelo*, 7 F. Supp. 3d 206, 214 (D. Conn. 2014) (granting summary judgment and specific performance), then quoting *Safeco Ins. Co. of Am. v. Hirani/MES, JV*, 480 F. App'x 606, 608 (2d Cir. 2012) (same)). As an initial matter, "[t]he requirements for the grant of a preliminary injunction are more stringent than those for specific performance." *Keating*, 753 F. Supp. at 1152 (quoting *ECRI v. McGraw–Hill, Inc.*, 809 F.2d 223, 227 (3d Cir. 1987)). The analogy between the two concepts is even more strained here, because "specific performance" of a collateral deposit provision requires the payment of a set sum of money. *See* Comp. at 13; Br.

4

at 1; *Lakeshore Toltest*, 2015 WL 8488579, at *2 ("Because [plaintiff's] motion for preliminary injunction seeks an easily quantifiable monetary award, it fails to establish extreme or very serious and irreparable harm."). As a result, the fact that Westchester may ultimately be entitled to specific performance does not govern its entitlement to a preliminary injunction.

Finally, the out-of-circuit cases Westchester cites are not persuasive in light of Second Circuit precedent. Westchester identifies a number of cases squarely holding that failure to deposit required collateral "irreparably harm[s] the Plaintiff [] by depriving it of a pre-judgment relief to which it is contractually entitled." *See* Br. at 20 (quoting *United Fire & Cas. Co. v. Coggeshall Constr. Co.*, No. 91-3159 (RM), 1991 WL 169147, at *2 (C.D. Ill. June 28, 1991)); *see also id.* at 20 n. 8 (collecting cases). These cases are entitled to little weight in light of the Second Circuit's holding in *Baker's Aid v. Hussmann Foodservice Co.*, 830 F.2d 13, 16 (2d Cir. 1987). In that case, the Second Circuit emphasized that "contractual language declaring money damages inadequate in the event of a breach does not control the question whether preliminary injunctive relief is appropriate." *Id.* Because a contract cannot define irreparable injury, *see id.*, the fact that Westchester "is contractually entitled" to "pre-judgment relief" in the form of a set sum of money, *see Coggeshall Constr. Co.*, 1991 WL 169147, at *2, does not mean that a breach of that obligation always constitutes an irreparable injury. *See Lakeshore Toltest*, 2015 WL 8488579, at *2; *Keating*, 753 F. Supp. at 1154. As a result, the Court concludes that a collateral deposit provision, standing alone, is insufficient to demonstrate irreparable injury.

### B.    Transfer of Assets

Next, Westchester argues that the behavior of two defendants who have transferred assets justifies injunctive relief. Specifically, Westchester argues that these transfers "constitute clear evidence that certain of the [Defendants] may not be able to satisfy a money judgment against

5

them and have dissipated assets, which establishes irreparable harm." Reply Br. at 7. Defendants respond that they have not dissipated assets to avoid payment to creditors, but instead "entered into an assignment of [] assets to a trustee in order to pay creditors." Surreply Br. at 4. Defendants also note that the trustee has set aside at least $5 million to satisfy Westchester's claims. *Id.* at 3; Dkt. No. 53 ¶ 7.

Courts in this circuit have granted preliminary injunctions in cases seeking monetary relief if the "non-movant's assets may be dissipated before final relief can be granted, or where the non-movant threatens to remove its assets from the court's jurisdiction." *Keating*, 753 F. Supp. at 1153. In such cases, injunctive relief is appropriate because "assets [plaintiff] seeks are likely to disappear unless the application is granted." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 147 F.R.D. 66, 68 (S.D.N.Y. 1993); *see also Transamerica Rental Fin. Corp. v. Rental Experts*, 790 F. Supp. 378, 381 (D. Conn. 1992) (an injunction is appropriate in a money damages case if there is a "danger of depletion of assets"). For example, courts have granted relief under this standard where defendants have "secretly transferr[ed their] interest" in the relevant assets. *U.S. Fid. & Guar. Co.*, 62 F. Supp. 2d at 923. However, courts have found the mere fact of filing for bankruptcy insufficient to establish irreparable harm absent evidence that a plaintiff would actually be unable to collect on a judgment against a defendant. *See Lakeshore Toltest*, 2015 WL 8488579, at *2.

These cases illustrate that the real concern with dissipating assets in the irreparable harm context is that currently available assets will disappear during the proceedings and become unavailable to creditors by the time of final judgment. *See Rental Experts*, 790 F. Supp. at 381-82 (citing *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 972 (2d Cir. 1989)) ("[W]here there is danger of the *status quo* deteriorating in the time between a prejudgment

6

remedy and a final judgment, an injunction may be appropriate."). The transfer at issue here does not implicate such a concern, as it does not suggest a "danger of depletion of assets," *id.* at 381, or otherwise indicate that assets "are likely to disappear." *Bridgestone/Firestone, Inc.*, 147 F.R.D. at 68. To the contrary, the executed transfer agreement indicates that DeNovo "transferr[ed] its property to a Trustee[] for the benefit of its creditors," Dkt. No. 48 Ex. A at 1, and DeNovo has represented that the trustee has set aside at least $5 million for Westchester's use. Dkt. No. 53 ¶ 7. Westchester makes no showing that this $5 million fund is "likely to disappear" unless the preliminary injunction is granted. *Bridgestone/Firestone, Inc.*, 147 F.R.D. at 68. As a result, Westchester has not shown that there is a risk of dissipation of assets constituting irreparable harm, and is thus not entitled to the requested preliminary injunction for the deposit of $3,263,269.99 in collateral.

Because the Court concludes that Westchester has failed to demonstrate irreparable harm, it does not address the likelihood of Westchester's success on the merits of its claim.

## IV. CONCLUSION

For the foregoing reasons, Westchester's motion for a preliminary injunction is denied. This resolves Dkt. Nos. 29, 50.

SO ORDERED.

Dated: April 5, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge

7